**Thomas K. PINNER**

v.

**James J. SCHMIDT, et al.**

**Civ. A. No. 84–2059.**

United States District Court,
E.D. Louisiana.

June 28, 1985.

---

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter came before the Court upon motion of plaintiff to determine the quantum of attorney's fees and costs to be awarded as against defendant Chilton [sometimes referred to as the "Credit Bureau"], plaintiff having prevailed on his claims against Chilton under the Fair Credit Reporting Act ["FCRA"], 15 U.S.C. §§ 1681n & 1681o, after trial by jury on May 6–8, 1985.

Section 1681n of the FCRA provides: Any consumer reporting agency ... which willfully fails to comply with [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1) [actual damages];

(2) [punitive damages]; and

(3) in the case of any action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Section 1681o of the FCRA provides: Any consumer reporting agency ... which is negligent in failing to comply with [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1) [actual damages];

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

The jury having found that Chilton failed to observe the requirements of the FCRA both negligently and willfully, this Court may assess attorney's fees against Chilton under either section 1681n or 1681o.

Accordingly, a hearing was held on June 21, 1985 for the purpose of determining the quantum of attorney's fees. Plaintiff requested attorney's fees in the amount of $66,666, computed on a contingent basis of one third the total amount awarded to the plaintiff for both actual and punitive dam-

ages as against all defendants, or $200,000. As further support for the requested fee, plaintiff submitted an affidavit showing 259 hours of itemized time expended and unitemized time expended of 400 hours. Plaintiff also requests costs of $1,391.82, supported by an affidavit reflecting same.

Chilton challenges certain of the entries recited on the affidavit regarding attorney's fees and further urges that recoverable fees be limited to time attributable to the successful aspects of plaintiff's FCRA claim against Chilton. Thus, Chilton urges that recoverable fees be limited to $10,-500.00. It is further urged that recoverable costs be limited to $867.20.

■ In making its determinations, the Court relieves counsel of the obligation of filing contemporaneous time records, as required by Local Rule 21.16, added June 30, 1983. There is good cause to excuse plaintiff's counsel from compliance with this rule in light of claims for time expended prior to the adoption of the rule. Moreover, the Court did not accept the face value of the hours claimed by plaintiff's counsel, as will be explained more fully below, and made its own determinations as to the allowable time for the services rendered. See Appendix A attached.

■ Thus, the Court has determined that an award of $27,400 attorney's fees is appropriate in this case and will state with particularity its reasons for this award in accordance with the twelve factors to be considered under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). *See also Copper Liquor, Inc. v. Adolph Coors Co.*, 624 F.2d 575 (5th Cir. 1980); *In re First Colonial Corp.*, 544 F.2d 1291 (5th Cir.), *cert. denied* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977). In considering the twelve *Johnson* criteria, the Court is further cognizant of its duty to pay special heed to *Johnson* factors numbers (1) the time and labor involved; (5) the customary fee; (8) the amount involved and the results obtained; and (9) the experience, reputation and ability of counsel.

*See Copper Liquor, Inc. v. Adolph Coors Co., supra,* 624 F.2d at 583.

The customary fee for a claim of this sort, computed on a contingent basis in the New Orleans area, would be 33⅓% of the amount recovered. The recovery against the Credit Bureau herein was $133,333.00. Thus, on a contingent basis, a fair and reasonable fee would be the sum of $44,444.33.

The customary fee for an attorney in the New Orleans area having practiced 33 years, as plaintiff's counsel has, would range between $100 to $150 per hour. Moreover, as detailed in Appendix A attached to and made a part of these findings, the Court finds that plaintiff's counsel reasonably expended 142 hours in prosecution of the claim against Chilton. Thus, the Court computes an attorney's fee of 142 hours at $100 per hour, amounting to $14,200.00.

In considering the novelty and difficulty of the questions presented in this case, the Court finds that the Credit Bureau made this a difficult, time consuming and arduous case to prosecute and made no concessions to plaintiff's attorney's having rarely prosecuted cases in federal court. Regardless of the defendant's actions, however, case was nonetheless difficult to prove, and this factor would warrant awarding an additional sum of $5000.

Counsel's preclusion from taking other work and the time limitations imposed by this particular case are set out in counsel's affidavit. These representations are taken into consideration and form a part of the aforesaid additional allowance of $5000.

With regard to the skill requisite to perform the legal services properly, the Court has heretofore noted that counsel has been practicing for 33 years. The Court further notes counsel was a member of the Board of Editors of the Tulane Law Review and was a law clerk for the Louisiana Supreme Court. Counsel's trial demeanor and argument before the jury were outstanding. As demonstrated by their award, the jury obviously agreed with the Court's assessment of this factor. However, counsel was not well versed in practice before this Court, and this has caused the Court to fix the hourly rate at the lower end of the spectrum for customary hourly rates for one of his years of practice. Thus, by adopting a lower hourly rate of $100 per hour, the Court takes into consideration counsel's relative lack of experience in federal court. However, the Court has liberally construed the time claimed to accomplish each entry on the attorney's affidavit to counterbalance this conservatism. See Appendix A.

Moreover, counsel has computed his trial time as to all defendants at 28 hours, and this Court allowed 14 hours total time as to Chilton. Instead of applying the hourly rate to this time, plaintiff's counsel is entitled to an additional $700 for his skill in trial work over and above the hours claimed to have been expended.

The hourly rates allowed by the Court account for the customary fee and whether the fee was taken on a contingent basis. However, because of his contingent fee arrangement, counsel risked no fee for all his efforts. Thus, in light of the amount involved and the results obtained, an additional award of $7,500 for these factors is appropriate.

The experience, reputation, and ability of plaintiff's counsel has already been considered and compensated as set out above with regard to the customary fee and the skill displayed by counsel.

The Court further finds the case was certainly undesirable and unpleasant, particularly as to its involvement in the sexual relations of the various parties and witnesses. But, whereas an additional sum might be awarded for this factor, any such sum is negated by the nature of the professional relationship between plaintiff's counsel and the plaintiff, namely that of father and son. Therefore, no award is added or subtracted for factors concerning the undesirability of the case and the nature and length of the professional relationship with the client.

The total allowance provided by the Court in this case for plaintiff's attorney's fees is justified by a comparison of statutory fees awarded in other cases of federal statutory violations, cited by the parties in their memoranda. *See, e.g., Boca Mara Properties, Inc. v. Int'l Dairy Queen, Inc.,* 732 F.2d 1550 (11th Cir.1984) (plaintiffs recovering $33,000 for claim under Florida Franchise Act; defendant recovering $13,649 on counterclaim; plaintiffs recovering $25,000 attorney's fees); *Bryant v. TRW, Inc.,* 689 F.2d 72 (6th Cir.1982) (FCRA violation; jury award of $8,000 actual damages; court allowing $13,705 attorney's fees, in excess of award, so as not to discourage FCRA actions, rejecting defendant's argument that court limited to award of contingency fee); *Copper Liquor, Inc. v. Adolph Coors Co.,* 624 F.2d 575 (5th Cir.1980) (Sherman Act violations; treble damages of $45,000 awarded; court remanding $45,000 attorney's fees award as insufficient—so low as to constitute abuse of discretion); *Kane v. Martin Paint Stores, Inc.,* 439 F.Supp. 1054 (S.D.N.Y. 1977), *aff'd* 578 F.2d 1368 (2d Cir.1978) ($22,837 jury verdict for antitrust violations; court awarding $50,670 fees after 10% reduction in hours claimed for failure to keep precise records); *Collins v. Retail Credit Co.,* 410 F.Supp. 924 (E.D.Mich. 1976) (FCRA and libel claims; jury awarding $21,750 actual damages and $300,000 punitive damages; court remitting punitive damages to $50,000 and awarding $21,000 in attorney's fees).

█ In addition to the foregoing, the Court finds appropriate an award of costs in the amount of $867.20, the figure suggested by defendant. In so doing, the Court declines to award to plaintiff the costs of depositions. No depositions were read at trial in lieu of live testimony, and plaintiff has not provided this Court with an itemization regarding any other use of depositions, such as for impeachment purposes or in connection with any motions.

In sum, the foregoing factors require an award of $27,400 to plaintiff for attorney's fees plus $867.20 for costs. However, the fees and costs awarded herein do not take into consideration nor contemplate time and costs anticipated on any unsuccessful post trial motions filed by defendant and expended in connection with any anticipated appeal.

Accordingly, it is ordered that judgment be entered in accordance with the jury verdict and order and reasons herein.

### APPENDIX A

This appendix recites the Court's line by line determinations of recoverable time in this matter, with each entry corresponding to the entries set forth in the affidavit of Edward K. Pinner, Sr., dated June 7, 1985, and submitted in support of plaintiff's claim for attorney's fees.

| DATE | WORK PERFORMED | TIME/HOURS ALLOWED |
|---|---|---|
| March 20, 1981 | Interview with client and initial review of documents | 0.0 |
| March 20, 1981 | Letter to United Compucred disputing account; copy to Sherwin-Williams | 0.0 |
| October 19, 1981 | Meeting with client regarding his being refused credit by two stores | 1.0 |
| November 30, 1981 | Meeting with client to review credit report and attached documents | 0.50 |
| January 11, 1982 | Meeting with client and drafting letter to Credit Bureau; attachments | 1.0 |
| January 20, 1982 | Returned phone calls to Ms. Camille Gautier at Credit Bureau—Left name and number | 0.25 |

| DATE | WORK PERFORMED | TIME/HOURS ALLOWED |
|---|---|---|
| March 5, 1982 | Meeting with client regarding his being refused credit by three stores | 1.0 |
| April 6, 1982 | Meeting with client to review second credit report and attached documents | 1.0 |
| May 5, 1982 | Investigation of identity of parties defendant | 0.0 |
| July 1, 1982 | Meeting with witness | 1.0 |
| July 16, 1982 | Call to Secretary of State for registered agent of C.B.M. of La. Inc. | 0.25 |
| Sept. 21, 1982 | Meeting with client concerning the filing of lawsuit | 2.0 |
| October 4, 1982 | Review of documents and preparation of rough draft of petition | 2.0 |
| October 12, 1982 | Work on rough draft of petition | 0.0 |
| October 15, 1982 | Work on rough draft of petition | 0.0 |
| October 18, 1982 | Work on rough draft of petition | 0.0 |
| November 10, 1982 | Preparation of final draft of petition and computation of damages | 2.0 |
| November 17, 1982 | Preparation of final draft of petition and computation of damages | 1.0 |
| January 20, 1983 | Meeting with client | 1.0 |
| February 18, 1983 | Meeting with client | 1.0 |
| March 15, 1983 | Filing of lawsuit-arranging for service on all three defendants | 2.0 |
| July 12, 1983 | Review of answer and third party demand filed by defts. Schmidt and Sherwin-Williams | 0.0 |
| July 19, 1983 | Review of answer of defendant Credit Bureau | 1.0 |
| August 23, 1983 | Initial research on Fair Credit Reporting Act and jurisprudence in connection therewith—Supreme Ct. Library | 5.0 |
| September 15, 1983 | Research on Fair Credit Reporting Act and jurisprudence in connection therewith | 4.0 |
| October 24, 1983 | Research on Fair Credit Billing Act at Supreme Court Library | 12.0 |
| November 18, 1983 | Motion to fix for trial-preparation of and filing | 1.0 |
| December 12, 1983 | Pretrial conference with Judge Ganucheau-Case fixed for May 16 and May 17, 1984 | 2.0 |
| January 23, 1984 | Review of file and law in connection with preparation of pretrial memorandum | 1.0 |
| February 15, 1984 | Answer to subpoena duces tecum | 1.5 |
| February 21, 1984 | Deposition of Thomas K. Pinner | 1.5 |

| DATE | WORK PERFORMED | TIME/HOURS ALLOWED |
|------|----------------|--------------------|
| March 8, 1984 | Prepared and noticed request for production of documents to Credit Bureau | 3.0 |
| March 27, 1984 | Meeting with client to prepare answers to interrogatories from Credit Bureau | 3.0 |
| March 29, 1984 | Meeting with client to respond to request for production of documents from Credit Bureau | 3.0 |
| April 9, 1984 | Prepared and noticed written interrogatories to defendants Schmidt and Sherwin-Williams* | 1.0 |
| April 13, 1984 | Prepared and filed Amended and Supplemental petition | 3.0 |
| April 16, 1984 | Request for Production of documents on Credit Bureau and Sherwin-Williams | 2.0 |
| April 27, 1984 | Study of Petition to Remove | 2.0 |
| June 5, 1984 | Study of Motion to Dismiss on Prescription | 0.0 |
| July 12, 1984 | Answer to Motion to Dismiss on Prescription and memorandum in support thereof | 0.0 |
| July 25, 1984 | Hearing on Motion to Dismiss | 0.0 |
| August 1, 1984 | Preparation and filing of Amended Petition | 3.0 |
| August 7, 1984 | Study of 2nd Motion to Dismiss | 0.0 |
| August 10, 1984 | Answer to Motion to Dismiss and memorandum in support thereof | 0.0 |
| August 22, 1984 | Hearing on 2nd Motion to Dismiss | 0.0 |
| October 9, 1984 | Preparation for and participation in telephone conference with representative of Court | 1.0 |
| November 21, 1984 | Study of Motion for Summary Judgment filed by Credit Bureau | 3.0 |
| November 27, 1984 | Research in connection with response to Motion for Summary Judgment—Supreme Court Library | 5.0 |
| November 30, 1984 | Opposition to Motion for Summary Judgment, including legal memorandum | 5.0 |
| January 11, 1985 | Preparation of affidavit by Thomas K. Pinner in connection with Motion for Summary Judgment | 2.0 |
| January 16, 1985 | Hearing on Motion for Summary Judgment | 2.0 |
| February 26, 1985 | Deposition of James E. Schmidt, III and Alam Labbe | 2.0 |
| February 27, 1985 | Study of documents furnished to plaintiff by Sherwin-Williams | 2.0 |
| February 28, 1985 | Meeting with client and witness to go over documents furnished by Sherwin-Williams | 1.5 |

| DATE | WORK PERFORMED | TIME/HOURS ALLOWED |
|------|----------------|--------------------|
| March 7, 1985 | Preparation of and filing of plaintiff's witness list | 1.0 |
| March 26, 1985 | Study of 200 documents furnished to plaintiff by Sherwin-Williams | 2.0 |
| April 5, 1985 | Preliminary work on preparation of Pretrial Order | 2.0 |
| April 9, 1985 | Meeting with co-counsel for defendants to exchange documents and pretrial inserts | 1.0 |
| April 10, 1985 | Preparation of Pretrial Order | 5.0 |
| April 11, 1985 | Preparation of Pretrial Order | 0.0 |
| April 12, 1985 | Completion of Pretrial Order, making and distributing copies thereof | 2.5 |
| April 15, 1985 | Pretrial Conference | 1.0 |
| April 16, 1985 | Meeting with witnesses to prepare for depositions | 3.5 |
| April 17, 1985 | Confirming depositions of witnesses | 0.5 |
| April 18, 1985 | Depositions of Witnesses | ) |
| April 19, 1985 | Depositions of Witnesses | 7.5 ) |
| April 25, 1985 | Deposition of Sue Jackson Greer | ) |
| April 25, 1985 | Meeting with Attorneys to exchange exhibits | 1.0 |
| April 26, 1985 | Rough draft of trial memorandum | 2.5 |
| April 27, 1985 | Final draft of trial memorandum | 2.0 |
| April 29, 1985 | Preparation of requested jury instructions | 2.5 |
| April 29, 1985 | Preparation of three subpoenas | 1.0 ) |
| April 30, 1985 | Preparation of six subpoenas | ) |
| May 3, 1985 | Preparation for trial | 2.5 |
| May 6, 1985 | Trial of case | ) |
| May 7, 1985 | Trial of case | 14.0 ) |
| May 8, 1985 | Trial of case | ) |
| May 15, 1985 | Rough draft of motion for attorney's fees and costs | 5.0** |
| May 16, 1985 | Rough draft of affidavit regarding work performed in connection with motion for attorney's fees and costs | 3.0 |
| May 17, 1985 | Final draft of affidavit and statement of costs | 3.0 |
| | TOTAL HOURS ALLOWED | 142.00 |

* As with certain other entries for aspects of the case involving Schmidt and Sherwin-Williams, the Court finds issues involving all defendants intertwined and has accordingly allowed partial time where such overlap occurs.

** See *Cruz v. Hauck*, 762 F.2d 1230 (5th Cir. 1985).