Fred A. CRUZ, et al.,
Plaintiffs-Appellants,

and

Mrs. Frances T. Freeman Cruz,
Movant-Appellant,

v.

W.B. "Bill" HAUCK, Sheriff of Bexar
County, Texas, et al.,
Defendants-Appellees.

No. 84–1119.

United States Court of Appeals,
Fifth Circuit.

June 17, 1985.

Rehearing and Rehearing En Banc
Denied July 15, 1985.

---

Frances T. Freeman Cruz, pro se.

Lonnie W. Duke, San Antonio, Tex., for plaintiffs-appellants.

J. Patrick Wiseman, Houston, Tex., for Fred Cruz, et al. and Mrs. Frances Cruz.

Sam D. Millsap, Jr., Barry P. Hitchings, Carroll Schubert, George B. Hernandez, Jr., Crim. Dist. Attys., San Antonio, Tex., for defendants-appellees.

Before THORNBERRY, REAVLEY and HIGGINBOTHAM, Circuit Judges:

THORNBERRY, Circuit Judge:

Plaintiffs-Appellants successfully prosecuted a civil rights action and were subsequently awarded attorney's fees pursuant to 42 U.S.C. § 1988. Thirty days after the district court signed the order awarding fees Plaintiffs filed a Supplemental Motion in which they sought attorney's fees for the time spent defending the original fee claim. The district court denied the Supplemental Motion and this appeal followed. We vacate and remand.

### I.

This case recently observed its fifteenth birthday. The litigation began on May 4, 1970, when inmates of the Bexar County Jail filed a § 1983 action alleging that certain jail regulations unconstitutionally denied them access to the courts. Over the next thirteen years Plaintiffs fought an uphill battle that included four appeals to this Court and two petitions for *certiorari* to the United States Supreme Court.[1] Finally, on November 4, 1982, the district court entered its judgment ordering Defendants to implement a set of "Rules and Policies" meant to provide the inmates of the Bexar County Jail meaningful access to legal materials and thus to the courts of the United States.

On January 14, 1983, Plaintiffs filed a Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 1988. The motion, accompanied by detailed affidavits of Plaintiffs' two attorneys, sought an award for legal services and expenses from 1970 through 1982. The affidavits stated that attorney Cruz rendered 765 hours of legal services from 1970 through 1982 and that attorney Duke rendered 279 hours of services from 1977 through 1982. Both affidavits included hours spent preparing the affidavits and the fee motion. Defendants contested the motion, challenging primarily the Plaintiffs' status as "prevailing parties" and the reasonableness of the hours claimed.

On March 2, 1983, the district court entered an interim order on the motion. The order required Defendants to specify their objections to the fee claim in writing accompanied by affidavits and required both parties to submit memoranda on the hourly rates awarded to attorneys in each of the years from 1970 through 1982. Both parties responded to the request for rate information with summaries of opinions awarding attorney's fees. Additionally, Plaintiffs submitted some information on cost-of-living increases.

On June 17, 1983, Plaintiffs' attorney Cruz sent a letter to the district court advising that she would be out of town for a period of time and leaving a forwarding address. The letter also advised that Cruz had completed a supplemental affidavit accounting for professional services rendered and expenses incurred since December 1982. Cruz stated that she was mailing the affidavit and supporting documents to Plaintiffs' attorney Duke "for filing with his own Affidavit, at the appropriate time." A copy of this letter was sent to Defendants' attorney.

On July 11, 1983, the district court signed a judgment awarding Plaintiffs over $90,000.00 in attorney's fees. In the accompanying opinion the court held that Plaintiffs were the prevailing parties and were thus entitled to an award of fees under § 1988. The court then analyzed the fee claim using the twelve guidelines set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). In early August 1983, Bexar County authorities issued checks to the Plaintiffs' attorneys.

On August 10, 1983, Plaintiffs filed the Supplemental Motion for Award of Attorney's Fees that is the subject of this appeal. It was accompanied by attorney Cruz' affidavit dated June 17 and attorney Duke's affidavit dated August 9. The supplemental motion requested an award for

---

**1.** For a complete history of the litigation prior to the final remand for a hearing on the merits, see *Cruz v. Hauck,* 627 F.2d 710 (5th Cir.1980).

professional services rendered and expenses incurred in 1983 in the course of defending the original fee motion, complying with the court's March 2 order, and preparing the supplemental motion. The affidavits claimed approximately 209 hours of attorney time.

On September 3, 1983, the district court denied the Plaintiffs' supplemental motion in its entirety. After the district court denied a motion for reconsideration, Plaintiffs noticed this appeal.

## II.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (West 1981), provides that in certain civil rights actions courts may award a reasonable attorney's fee to a prevailing party.[2] We have held that prevailing parties are entitled to attorney's fees under § 1988 for time spent establishing and litigating a fee claim as well as for time spent prosecuting the merits of the civil rights action. *Johnson v. State of Mississippi*, 606 F.2d 635, 637–638 (5th Cir.1979). Prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). We have interpreted this to mean that "absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course.*" *Kirchberg v. Feenstra*, 708 F.2d 991, 998 (5th Cir.1983) (emphasis in original). Appellate review of a denial of § 1988 attorney's fees is governed by the abuse of discretion standard; nevertheless, "the discretion afforded district courts to deny attorney's fees to prevailing plaintiffs under § 1988 is exceedingly narrow." *Ellwest Stereo Theatre, Inc. v. Jackson*, 653 F.2d 954, 955 (5th Cir.1981).

The district court's Memorandum Opinion and Order stated three reasons for denying Plaintiffs' supplemental motion: (1) Each party should bear its own costs of litigating the original fee claim and of complying with the court's March 2 order; (2) Plaintiffs were "adequately compensated" by the July 11, 1983 award of attorney's fees; and (3) The supplemental motion was untimely filed. For the reasons that follow we hold that the denial of the supplemental motion for the first two stated rounds was an abuse of the district court's discretion. We further hold that the district court made insufficient findings to support its holding that the motion was untimely filed.

## III.

The Plaintiffs' supplemental motion was accompanied by detailed affidavits of the Plaintiffs' attorneys. The affidavits reveal that most of the attorney time for which the supplemental award was requested was spent reviewing and replying to the Defendant's objections to the original fee claim and complying with the court's March 2 order. The rest of the time for which fees were requested was spent preparing the supplemental motion and the affidavits. In denying the supplemental motion the district court stated that "both parties should bear the costs each expended in complying with the order," and that "the natural zeal with which Plaintiffs complied with the order should not be charged against Defendants who filed only general objections to the motion for the award of attorneys' fees."

It is settled that a prevailing plaintiff is entitled to attorney's fees for the effort entailed in litigating a fee claim and securing compensation. *Knighton v. Watkins*, 616 F.2d 795, 800 (5th Cir.1980); *Johnson v. State of Mississippi*, 606 F.2d 635, 637–638 (5th Cir.1979). In the Defendants' response to the Plaintiffs' original

---

**2.** The final sentence of section 1988 provides as follows:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988 (West 1981).

motion for fees the Defendants challenged the reasonableness of the hours claimed, the reasonableness of the hourly rate requested, and the extent to which Plaintiffs were "prevailing parties." Further, Defendants alleged that many of Mr. Duke's claimed hours represented a duplication of efforts and that a number of the costs and expenses submitted were excessive and nonreimbursable. As any prudent and reasonable attorney would do in this situation, Plaintiffs' attorneys replied to the Defendants' objections. The time spent so replying is compensable under § 1988. To hold otherwise would dilute the fee award and be inconsistent with the purposes of § 1988.

On March 2, 1983, while the Plaintiffs' original motion was pending, the district court entered an order directed to both parties that stated in part as follows:

> because the Court recognizes that hourly fees have changed through the years, it is disinclined to compensate Plaintiffs' counsel at a uniform rate for the entire period. It, therefore, orders the parties to submit information on the prevailing hourly rate for attorneys of similar experience in similar cases during each of the years from 1970 through 1982.

It was entirely reasonable for Plaintiffs to believe that compliance with this order was necessary to obtain a fee award. Gathering the information requested by the court required a considerable amount of research on the part of the attorneys. Moreover, Plaintiffs' attorneys' diligence in seeking out the requested information is understandable since the court had made it clear that it would determine the rate of compensation on the basis of the parties' submissions. Compliance with the court's order was necessary to establish the fee claim, and the effort Plaintiffs' attorneys expended in complying with the order is compensable. The fact that the court's order required *both* parties to submit additional

information is irrelevant. We see no reason to treat the time spent complying with the district court's order any differently from time spent defending against the Defendants' objections.

If the Plaintiffs' "natural zeal" resulted in their expending more effort than reasonably necessary to establish and defend their fee claim, the district court may reduce the number of compensable hours accordingly; it may not, however, completely deny compensation for this reason, and to do so was an abuse of discretion.[3]

### IV.

 The second reason given by the district court for denying the Plaintiffs' supplemental motion was that the court was "of the opinion that the Plaintiffs have been adequately compensated in this cause." The court evidently reached this opinion after finding that:

> The work these attorneys have expended since the judgment on the merits was entered on November 4, 1982, has involved to a large extent the reconstruction of non-existent and existent but stolen timesheets covering the years this cause was in litigation. In addition, a substantial portion of the fees submitted in this supplemental motion consists of clerical matters such as typing, copying, mailing, and hand delivery of documents. These matters fall into the classification of office overhead and do not merit additional compensation. The initial award of July 11, 1983, was generous in its allotment of attorney working hours that often included considerable clerical and nonprofessional work.

For the following reasons we hold that denial of the supplemental motion on this ground was an abuse of discretion. First, the "reconstruction of non-existent and existent but stolen timesheets" all occurred in 1982. The time spent reconstructing ti-

---

**3.** We express no opinion on the reasonableness of the hours claimed in Plaintiffs' supplemental motion. If the district court reaches this issue on remand, the test to be applied is whether the work was reasonably responsive to the court's order and whether the requested fee is excessive in light of the work reasonably required by the order. *See Adams v. Mathis,* 752 F.2d 553, 554 (11th Cir.1985).

mesheets was all submitted in the original request for attorney's fees and was compensated in the July 11 award. None of the attorney hours for which compensation was sought in the supplemental motion was spent reconstructing timesheets; therefore, the question of the compensability of such efforts was irrelevant to the disposition of the supplemental motion.

Second, we find somewhat surprising the district court's intimation that in its "generous" award of July 11, 1983, it compensated Plaintiffs for more hours than they were legally entitled. In its Memorandum Opinion and Order accompanying the July 11 award, the district court stated:

> The attorneys for Plaintiffs have submitted detailed affidavits in support of their claim for attorney's fees and, although Defendants have objected to ostensible duplication of efforts, they have not pointed out any specific areas of "padding" or work duplication. Furthermore, in weighing the hours claimed against personal knowledge of the time required to complete similar activities, the Court finds the number of hours claimed to be entirely reasonable.... The Court therefore accepts and will compensate Plaintiffs' attorneys for all hours claimed in their affidavits.

Nowhere in the July 11 opinion was there any reference to clerical or nonprofessional work, and defendants have not appealed the July 11 finding that the hours claimed in the original affidavits were reasonable and compensable. Consequently, we give little weight to the court's contradictory reevaluation of reasonableness of the attorney hours claimed in the original affidavits.

Third, the July 11, 1983 award does not compensate for attorney time expended or expenses incurred beyond December 1982. The table attached to the July 11 opinion breaks down the award by year, ending in 1982. Nothing in the July 11 award or the accompanying opinion indicates that the award was intended to compensate for time spent in 1983 litigating the fee claim. If the district court intended the July 11 award to compensate Plaintiffs for the efforts expended defending the fee claim in 1983, Plaintiffs were entitled to be apprised of that fact at that time so they could take the necessary steps to challenge the award if they chose to do so. The July 11 award on its face purported to compensate Plaintiffs' attorneys only for the years 1970 through 1982, and did not contain any ruling on nor reference to compensable efforts expended in 1983. Plaintiffs are therefore entitled to have their supplemental motion for fees evaluated on its own merits and the fee request should in no way be affected by the district court's disposition of the original fee claim.

Finally, that "a substantial portion of the fees submitted in this supplemental motion consists of clerical matters," is not sufficient reason to deny the fee request in its entirety. In *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), we established guidelines for district courts to consider in evaluating requests for attorney's fees. One of these factors is the time and labor required:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate.

*Id.* at 717. A finding that some of the hours claimed were for clerical work may justify compensating those hours at a lower rate, and, in some circumstances, might justify a reduction in the number compensable hours; it does not, however, justify complete denial of the fee request.

### V.

The third reason given by the district court for denying the supplemental motion was that the motion was not timely filed. In support of this finding Defendants argue that the timeliness of the supplemental motion is governed by Rule 59(e) of the

Federal Rules of Civil Procedure,[4] and since the motion was filed 30 days after the initial fee award, it is barred.[5]

In *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), this Court held that the ten-day limitation on motions to alter or amend a judgment in Rule 59(e) did not apply to requests for attorney's fees that were statutorily part of costs. In *White v. New Hampshire Dep't of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Supreme Court upheld this position, holding that Rule 59(e) is not applicable to postjudgment requests for attorney's fees under § 1988. Defendants attempt to distinguish *Knighton* and *White* by pointing out that both of those cases involved *original* motions for attorney's fees that were filed more than 10 days after entry of the judgment on the merits. Defendants argue that once the district court has entered an award of attorney's fees, any supplemental motion for fees is a "motion to alter or amend" the fee award and should be governed by Rule 59(e).

 We reject Defendants' argument and hold that Rule 59(e) does not apply to a motion for attorney's fees under 42 U.S.C. § 1988, whether the motion is original or supplemental. We believe that both *White* and *Knighton* require this holding. "[A] request for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply." *White,* 455 U.S. at 451, 102 S.Ct. at 1166. In *Knighton* we held that "[b]ecause Congress directed that attorney's fees under section 1988 be treated as costs, there is no jurisdictional time limit on the filing of a motion seeking such fees." *Knighton,* 616 F.2d at 798. We believe that this statement applies equally to all motions for attorney's

fees under § 1988. Nothing in the *White* or *Knighton* opinions limits their holdings to original fee motions; on the contrary, the broad language and the reasoning in those opinions lead us to conclude that postjudgment motions for § 1988 attorney's fees are subject only to applicable local rules and the district court's sound discretion.

Moreover, this Court has, in a somewhat different situation, previously rejected the distinction Defendants seek to draw. *Campbell v. Bowlin,* 724 F.2d 484 (5th Cir.1984). The issue in *Campbell* was whether a motion for attorney's fees, filed 10 days after the judgment, was properly characterized as a Rule 59(e) motion for purposes of triggering Fed.R.App.P. 4(a)(4)[6] where the judgment on the merits had included an award of attorney's fees for the trial. Relying on *White* and *Knighton,* we held that the postjudgment motion for attorney's fees was not a Rule 59(e) motion and therefore Fed.R.App.P. 4(a)(4) was never triggered. *Campbell,* 724 F.2d at 487–488. In so holding, we refused to distinguish *White* and *Knighton* from *Campbell* on the basis that in *Campbell* the judgment on the merits contained an award of fees and thus the grant of the motion might be seen as altering or amending the original award. *Id.* at 488. "We do not find this distinction valid and are not persuaded to deviate from the teachings of *White* and *Knighton* in this case." *Id.* For these reasons we decline to hold that the supplemental motion was barred by Rule 59(e).

Defendants suggest that our holding will result in county governments being "held hostage to the whims of plaintiffs' attorneys who may file any number of supple-

---

**4.** Rule 59(e) provides:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**5.** The district court did not rely on Rule 59(e); rather, it found that denial of the supplemental motion was warranted simply because of the delay in filing.

**6.** Fed.R.App.P. 4(a)(4) provides that if a timely Rule 59(e) motion is filed, a notice of appeal filed prior to the disposition of such motion has no effect. The losing party in *Campbell* had filed a notice of appeal six days after the judgment but did not timely file a new notice of appeal after the district court granted the postjudgment fee motion. The issue was whether the appeal should be dismissed as untimely. *Campbell,* 724 F.2d at 486.

mental motions for attorneys fees at any time following the original disposition on attorneys fees." We disagree. As the court stated in *White*, "we do not think that the application of Rule 59(e) to § 1988 fee requests is either necessary or desirable to promote finality, judicial economy, or fairness." 455 U.S. at 452, 102 S.Ct. at 1167. Both *Knighton* and *White* encourage the adoption of local rules establishing timeliness standards for the filing of claims for attorney's fees. *White*, 455 U.S. at 454, 102 S.Ct. at 1168; *Knighton*, 616 F.2d at 798. A well-tailored local rule could easily resolve the problem presented by this case. Unfortunately, there is no local rule governing the filing of attorney's fee requests in the Western District of Texas.

■ In the absence of a local rule, we are of the opinion that a district court may, in its discretion, protect the interests of all of the parties in a case by establishing a time schedule or setting deadlines for submission of all fee requests and objections. Such a practice, in the absence of a local rule, will protect the losing party from the surprise of successive petitions and will put the party seeking fees on clear notice of when all motions must be filed. Defendants contend that the district court's March 2, 1983 order established that March 11, 1983 was such a deadline and that plaintiffs' supplemental fee request is barred because it was not filed by that date. After carefully reviewing the record, the March 2 order in particular, we reject this contention. The March 2 "Order on Plaintiffs' Motion for Award of Attorneys' Fees" dealt with two separate matters: (1) it denied Defendants' request for an evidentiary hearing on fees and ordered Defendants to submit all objections to Plaintiffs' fee request in writing accompanied by appropriate affidavits, and (2) it ordered the parties to submit information on the prevailing hourly rate for attorneys of similar experience in similar cases for each of the years from 1970 through 1982. Finally, the order stated: "All submissions *relating to this order* shall be filed with the Court on or before March 11, 1983." (emphasis added). The plain meaning of the

order is that only Defendants' objections to the original fee claim and the information on hourly rates were required to be submitted by March 11. The unambiguous language of the order cannot be interpreted as setting a deadline for filing a supplemental fee request.

■ In *White* the Court stated that in the absence of a local rule governing the filing of fee claims, the timeliness of a motion for attorney's fees was a matter for the district court's discretion. "We believe that this discretion will support a denial of fees in cases in which a postjudgment motion unfairly surprises or prejudices the affected party." *White*, 455 U.S. at 454, 102 S.Ct. at 1167–1168. The district court did not make any finding of unfair surprise or prejudice in this case. The Memorandum Opinion indicates merely the court's conclusion that the delay in filing the supplemental motion rendered it untimely because "[t]here comes a time when litigation of a case must end." While we agree with this sentiment, we do not believe that the fact of delay alone justifies denial of the motion. "The timing of the motion alone is not determinative. Absent a proper finding of prejudice or unfair surprise, the court should consider [the *Johnson* factors]." *Neidhardt v. D.H. Holmes Co., Ltd.*, 701 F.2d 553, 556 (5th Cir.1983). *See also Baird v. Bellotti*, 724 F.2d 1032, 1037 (1st Cir.), *cert. denied*, — U.S. —, 104 S.Ct. 2680, 81 L.Ed.2d 875 (1984) (although 8-month delay in requesting attorney's fees was "unjustified" and "unreasonable," it did not cause sufficient prejudice to justify complete denial of fees); *Fulps v. City of Springfield, Tennessee*, 715 F.2d 1088, 1096 (6th Cir.1983) (affirming finding that 8-month delay in filing fee petition was "patently untimely" but remanding for determination of actual prejudice because delay alone is not sufficient justification for dismissal of petition). The fact that Plaintiffs did not file their supplemental motion until 30 days after the original fee award is not, alone, sufficient reason to deny the motion. There must, additionally, be a finding that the delay was unreasonable

and that it resulted in unfair surprise or prejudice. The record is clear that both the court and Defendants were aware of the Plaintiffs' intent to file the supplemental motion. Indeed, attorney Cruz' June 17, 1983 letter to the court (with copy to Defendants' attorney) stated that she had already prepared an affidavit detailing her 1983 hours and expenses. It therefore seems hardly likely that Defendants were surprised by the motion. In fact, Defendants' response to the supplemental motion did not contain an allegation of surprise.

 Defendants did allege that they were prejudiced by the Plaintiffs' delay. While there appears to have been a lack of diligence in completing and filing the motion,[7] "a finding of prejudice requires more than simply negligence or delay." *Matter of Bohart*, 743 F.2d 313, 326 (5th Cir.1984). On remand the district court should inquire into Defendants' allegation of prejudice. The standards governing the equitable doctrine of laches should govern this inquiry. *See Fulps v. City of Springfield, Tennessee*, 715 F.2d 1088, 1096 (6th Cir.1983) (on remand to determine if § 1988 fee petition was timely, court is to decide if laches applies by considering whether defendants changed their position or detrimentally relied upon the delay in filing). Laches depends on inexcusable delay causing undue prejudice to the party against whom the claim is asserted. *Law v. Royal Palm Beach Colony, Inc.*, 578 F.2d 98, 101 (5th Cir.1978). Prejudicial harm does not occur merely because one loses what he otherwise would have kept; there must be a delay which causes a disadvantage in asserting and establishing a claimed right or defense, or other damage caused by detrimental reliance. *Matter of Bohart*, 743 F.2d at 327; *Law*, 578 F.2d at 101.

## VI.

 Defendants raise one further argument in support of the district court's dis-

position of the supplemental motion. In early August 1983, Plaintiffs' attorneys each accepted payment of the July 11 award and signed statements that "release the judgment dated July 11, 1983, insofar as it pertains to my interest in the judgment." Defendants argue that the releases bar the supplemental motion. This argument is without merit. Since the July 11 award pertained only to fees for work done through the end of 1982, the releases have no effect on a claim for fees for work done in 1983. Moreover, Defendants were aware of the limited effect of the releases. The forms provided by the Defendants purported to release "Bexar County from any and all claims for attorney fees and costs arising out of the above styled case." Plaintiffs' attorneys refused to sign the forms until they were modified to state that the release was only on the July 11 fee award.

## CONCLUSION

We hold that the district court abused its discretion in denying the Plaintiffs' supplemental motion for attorney's fees on the grounds that Plaintiffs should bear the costs of defending their original fee claim and that Plaintiffs were adequately compensated by the July 11 award of fees. We further hold that the district court's findings are insufficient to support the denial of the motion on the ground that it was untimely filed. We therefore vacate and remand. On remand the district court should expressly consider whether the Defendants were *unfairly* surprised or prejudiced by the delay in filing the motion. If not, the supplemental request for fees is to be evaluated in accordance with the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

VACATED and REMANDED.

---

7. The record shows that attorney Cruz' affidavit was completed and signed on June 17, 1983—almost a month before the court's order awarding fees. She sent her affidavit to attorney Duke for filing "at the appropriate time." Duke's affidavit detailing his 1983 efforts in the case reveals that he did not prepare his affidavit or the supplemental motion until early August 1983. No reason for this delay can be gleaned from the record.