Lonnie ECHOLS, et al.,
Plaintiffs–Appellees,

v.

Joel T. PARKER, et al., Defendants,

State of Mississippi, Appellant.

Nos. 89–4349, 89–4633.

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1990.

T. Hunt Cole, Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for appellant.

Charles Victor McTeer, Greenville, Miss., Ellis Turnage, Morris & Turnage, Cleveland, Miss., Margaret Carey, Michael I. Sayer, Greenville, Miss., for plaintiffs-appellees.

## ON PETITION FOR REHEARING

Before CLARK, Chief Judge, WISDOM and SMITH, Circuit Judges.

CLARK, Chief Judge:

■ In a previous unpublished opinion, 902 F.2d 957 (5th Cir.1990), we affirmed the district court's extension of the "unique circumstances" exception to the ten-day time limit of Federal Rule of Civil Procedure 59(e). The exception had formerly been applied only "to allow untimely appeal, when the appellant has reasonably relied upon a district court's erroneous extension of the time allowed for filing Rule 52 or Rule 59 motions, or its entertaining of such motions despite their untimeliness." *Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir.1980). Applied to this case, where Echols' motion for supplemental attorney's fees was not served on all defendants within the ten-day period, the "unique circumstances" exception caused Echols' Rule 59(e) motion to vitiate the State's first notice of appeal. *See* Federal Rule of Appellate Procedure 4(a)(4). In our earlier unpublished opinion, we applied the exception to Echols' motion, declared the State's notice of appeal a nullity, and denied jurisdiction over the State's appeal.

On rehearing, we withdraw our previous opinion. An extension of the "unique circumstances" exception to apply to the present facts conflicts with *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986) and *Cruz v. Hauck*, 762 F.2d 1230, 1236 (5th Cir.1985). *Harcon Barge* established the bright-line rule that a motion to alter or amend the judgment of the district court, other than a Rule 60(a) motion for the correction of a clerical error, will be treated as a Rule 59(e) motion only if it is served within that Rule's ten-day limit. Because Echols' motion was not timely served under Rule 59(e) and because it does not qualify for the "unique circumstances" exception noted in *Gribble v. Harris*, it did not vitiate the State's first notice of appeal.

■ *Cruz* states that a motion for attorney's fees under 42 U.S.C. § 1988 is properly treated as a motion for costs under Rule 54(d). A Rule 54(d) motion is not constrained by Rule 59(e)'s ten-day service limit. Neither does a Rule 54(d) motion for costs vitiate a previously filed notice of appeal. Thus, the State's notice of appeal was effective, and this court has jurisdiction. We therefore reach the merits of the State's appeal.

## I. The Facts

In 1986, after an unsuccessful attempt to effect changes in the local government of Sunflower, Mississippi by persuasion, Echols and four other plaintiffs participated in the peaceful boycott and picketing of a Sunflower pharmacy. The owner of the pharmacy, Parker, was mayor of Sunflower. Parker contacted the county attorney for Sunflower County, Ben Saucier, to ask if the picketers could be prosecuted for their activities. Saucier discussed the problem with the district attorney for the Fourth Circuit District of Mississippi, Frank Carlton, and then instituted criminal proceedings against Echols in Sunflower County Justice Court under Miss.Code Ann. § 97–23–85 (1972), an anti-boycott statute.

The plaintiffs were arrested, bond was set, and they were bound over to the grand jury for possible indictment. Subsequently, the plaintiffs brought this civil action under 42 U.S.C. § 1983 against Parker, the District Attorney, the County Attorney, the Justice Court Judge, and Sunflower County seeking a declaratory judgment that the statute was unconstitutional. The district court granted summary judgment for Parker and Sunflower County. The remaining defendants entered a settlement agreement which stated that the statute was unconstitutional and agreed that they would no longer attempt to enforce the statute against the plaintiffs.

In accordance with the settlement, the district court on June 10, 1986 entered a declaratory judgment stating that the statute was unconstitutional. On March 7, 1988, the district court awarded attorney's fees to the plaintiffs under 42 U.S.C. § 1988. In this judgment, the court also directed the State of Mississippi to pay the plaintiffs' attorney's fees since the local officials involved had been sued in their official capacity for enforcing an unconstitutional State policy. The State, although not a named party to the suit, represented the public defendants through the Mississippi Attorney General's office. The district court reserved determination of the amount of attorney's fees. No appeal was taken from this judgment.

Eleven months later, the district court entered an order awarding plaintiffs' attorney's fees of $11,773.36 to be paid by the State. The State filed a motion for reconsideration, which was denied. Following this denial, the district court made an additional award to the plaintiffs of $450 for fees incurred in responding to the State's motion for reconsideration. The plaintiffs subsequently filed a "Motion to Alter or Amend Judgment of April 14, 1989 or in the Alternative Motion for Award of Fees" to add $3,735 to the attorney's fees award for the fees incurred in responding to the State's motion to reconsider. Notice of this supplemental attorney's fees motion did not reach the State Attorney General within the ten day period allowed by Rule 59(e). That ten day period expired on May 1, 1989. On the next day, the State filed its first notice of appeal from the initial judgment awarding attorney's fees (No. 89–4349). Formal notice of the plaintiffs' supplemental attorney's fees motion reached the Attorney General on May 8 or 9, 1989.

On Echols' motion, the district court awarded the requested additional attorney's fees. The court ruled that although Echols' rule 59(e) motion had not been served on the State in a timely manner, the motion was properly before the court because a motion for attorney's fees is not limited by the time restrictions of Rule 59(e). Alternatively, the court held it had the authority to award additional attorney's fees under the "unique circumstances" exception to the Rule 59(e) ten-day deadline recognized in *Fairley v. Jones*, 824 F.2d 440, 442 (5th Cir.1987). The court reasoned that the exception applied because (1) the district court and the other parties did receive timely notice of the plaintiffs' motion, (2) the apparent cause of the slow delivery of notice to the State was a clerical error (the plaintiffs used an incorrect mailing address), and (3) the State was not prejudiced by receiving actual notice 7 or 8 days late. On August 18, 1989, the State filed a second notice of appeal (No. 89–4633), this time from the

supplemental award of fees. The appeals were consolidated.

## II. The State's First Appeal

### A. *Notice of Appeal*

Echols asserts that the State's first notice of appeal was untimely and, therefore, that this court lacks jurisdiction over the State's appeal from the initial attorney's fees award. The district court's judgment holding the State liable for attorney's fees but deferring the decision on the amount of fees owed was entered March 7, 1988. Echols asserts that under *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), and Federal Rule of Appellate Procedure ("FRAP") 4(a), the State was required to file its notice of appeal within thirty days of March 7, 1988. Instead, the State sought to appeal only after February 2, 1989, the date on which the district court denied a motion to reconsider its judgment fixing the amount of the award.

■ The first question on this issue is whether the State was required under FRAP 4(a) to file its notice of appeal within thirty days of the adjudication of liability for attorney's fees or could wait to file an appeal within thirty days of the court's determination of the amount of the fee award. *Budinich* does not answer this question. The Supreme Court there created "a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." 486 U.S. at 202, 108 S.Ct. at 1721. But here we are not faced with tandem decisions on the *merits* of a case and on *liability* for attorney's fees. The situation here is one step removed from *Budinich*. Here, distinct from any decision involving the merits judgment in the case, we must deal with a judgment of *liability* for attorney's fees and a subsequent judgment fixing the *amount* of those fees. We are guided in this situation by *Deloach v. Delchamps, Inc.*, 897 F.2d 815 (5th Cir.1990). There we stated:

> It is clear that a judgment on the merits determining both liability and damages is

final even though the attorney's fee issue has been left open. Additionally, attorney's fees are considered collateral to the merits, so that final judgments as to attorney's fees can be appealed separately from the "merits" judgment. Because a judgment is not final until both liability and damages are determined, a judgment awarding an unspecified amount of attorney's fees is interlocutory in nature.

897 F.2d at 826. The settlement order constituting the judgment on the merits of this case was entered on June 10, 1986 (the "merits judgment"). That judgment was final and the time for appeal commenced on its entry despite the fact that the issue of liability for attorney's fees remained open. *Budinich*, 486 U.S. at 201–02, 108 S.Ct. at 1721–22; *Treuter v. Kaufman County, Texas*, 864 F.2d 1139, 1143 (5th Cir.1989). However, the March 7, 1988 judgment holding the State liable for attorney's fees (the "fee liability judgment") but deferring a decision on the amount of the award (the "fee amount judgment") was "interlocutory in nature" under *Deloach*. Thus, the State was not required to file its notice of appeal of the March 7 fee liability judgment until the amount of the award was determined and the State's motion to reconsider that judgment was denied.

The State, however, faces another jurisdictional hurdle. The State's notice of appeal regarding the initial award of attorney's fees was filed on May 1, 1989. Four days earlier, on April 27, Echols had filed a Motion to Alter or Amend the April 14, 1989 Judgment (the fee award judgment) to increase the award of attorney's fees by $3735.00. The district court treated this motion, at least alternatively, as a Rule 59(e) motion which was properly before the court despite Echols' clerical error in serving the motion on the State. Under FRAP 4(a)(4), the May 1 notice of appeal filed by the State would be ineffective if it were filed before the disposition of a pending Rule 59(e) motion. Thus, if this provision of Rule 4(a)(4) applied, we would lack jurisdiction over the State's appeal from the March 7, 1988 attorney's fee award.

■ The district court erred in treating Echols' motion as a Rule 59(e) motion. Because the motion was not served within the ten-day time limit of Rule 59(e), the motion could not be considered a Rule 59(e) motion. Furthermore, a motion for attorney's fees under 42 U.S.C. § 1988 is not a Rule 59(e) motion. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 452–53, 102 S.Ct. 1162, 1166–67, 71 L.Ed.2d 325 (1982); *Cruz,* 762 F.2d at 1236 (5th Cir.1985). Instead, a motion for § 1988 attorney's fees should be treated as a motion for costs under FRCP 54(d) and 58. *See Knighton v. Watkins,* 616 F.2d 795, 797–98 (5th Cir.1980). *See also Buchanan v. Stanships, Inc.,* 485 U.S. 265, 108 S.Ct. 1130, 1132, 99 L.Ed.2d 289 (1988) (A motion for costs under the Death on the High Seas Act, 46 U.S.C.App. § 761 *et seq.,* is properly brought under Rule 54(d) and not under Rule 59(e).) That Echols' motion was for a supplemental award of attorney's fees is inconsequential. *Cruz,* 762 F.2d at 1236 (5th Cir.1985) ("Rule 59(e) does not apply to a motion for attorney's fees under 42 U.S.C. § 1988, whether the motion is original or supplemental."). *White* and *Knighton* emphasize that a § 1988 attorney's fee motion is not a Rule 59(e) motion because "[u]nlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial." *White,* 455 U.S. at 452, 102 S.Ct. at 1166, *citing Hutto v. Finney,* 437 U.S. 678, 695 n. 24, 98 S.Ct. 2565, 2576 n. 24, 57 L.Ed.2d 522 (1978). A motion to correct or supplement the amount of a § 1988 attorney's fee award is no less "uniquely separable from the cause of action to be proved at trial" than the original motion. *White,* 455 U.S. at 452, 102 S.Ct. at 1166; *Cruz,* 762 F.2d at 1236 (5th Cir.1985). Because Rule 59(e) does not apply to Echols' motion, the State's notice of appeal was not vitiated by FRAP 4(a)(4). We therefore address the merits of the appeal.

### B. *The Merits of the Appeal*

The State contends that the district court erred in ordering the State to pay Echols' attorney's fees. The contention is not that Echols is not entitled to attorney's fees under § 1988, but rather that the State is not liable for those fees. The district court assessed fees against the State because in the court's view, the officials who attempted to enforce Mississippi's anti-boycott statute were acting as officials of the State rather than as agents of Sunflower County. Relying on *Hutto* and *Folsom Inv. Co., Inc. v. Moore,* 681 F.2d 1032 (5th Cir.1982), the court reasoned that even though the county prosecuting attorney, the justice court judge, and the district attorney were, in whole or in part, elected by and paid by the citizens of Sunflower County, their actions in attempting to enforce an unconstitutional state statute were an attempt to enforce State, not county, policy. Thus, because fee awards are "payable by the state when their officials are sued in their official capacities," *Hutto,* 437 U.S. at 693–94, 98 S.Ct. at 2575, the district court assessed to the State liability for the fee award.

### 1. The Applicability of *Nash v. Chandler*

The State argues that the officials involved here were not state officials and that the district court's determination is contrary to *Nash v. Chandler,* 848 F.2d 567 (5th Cir.1988). Echols responds that *Nash* is not applicable to this case. We agree with Echols. In *Nash,* the State of Texas intervened as a defendant in a suit brought by a union and its members against their employer and the chief of police of Tyler, Texas, who had enforced a state anti-picketing statute. The police chief was sued only in his personal capacity. *See generally Kentucky v. Graham,* 473 U.S. 159, 163–67, 105 S.Ct. 3099, 3103–06, 87 L.Ed.2d 114 (1985) (discussion of personal and official capacity suits). When the plaintiffs prevailed in part, the district court held the defendants jointly and severally liable for the plaintiffs' attorney's fees. The State appealed. We held that the State was not jointly and severally liable for the entire fee award. Because the chief of police was not sued in his official

capacity, the State could not be held liable on the merits of the case, and the *Hutto* rule of State liability for fees did not apply. The State was held liable only for such of the fees as were caused by its intervention.

 A state official must be sued in his official capacity for the State to be held liable for § 1988 attorney's fees under the *Hutto* doctrine. This distinction renders *Nash* inapplicable in the present case where the county prosecutor, district attorney, and justice court judge were sued in their official capacity as the enforcing agents of an unconstitutional state statute. *Nash* does not affect a State's liability under *Hutto*.

### 2. The "State Official" Status of the County Officers

 We also agree with Echols that the officials involved here were acting as State agents when they enforced the Mississippi anti-boycott statute. The facts here are analogous to those in *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir.1980), where a local Texas school board petitioned a Medina, Texas, county judge to order a citizen's group to disclose its membership list. Texas Education Code § 4.28 granted the judge this authority. The judge granted the petition, whereupon the citizens group sued the judge and the school board for injunctive and declaratory relief. After ruling that the statute violated the First Amendment, the district court ordered the school board and the State to pay the plaintiffs' § 1988 attorneys' fees. In absolving the county of fee liability, the court stated:

> We do not, however, believe that Judge Decker's compliance with the school board request ... similarly represented the official policy of Medina County ... The narrow authority delegated to the county judge in section 4.28, however, bears no relation to his traditional role in the administration of county government or to the discretionary powers delegated to him by state statute in aid of that role. Instead, his duty in implementing section 4.28, much like that of a county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the

policy of the State of Texas embodied in that statute, for which the citizens of a particular county should not bear singular responsibility.

619 F.2d at 404. The court also stated: "the [state] statute obviously represents the official policy of the State." *Id.*

The actions taken by the county officials in Echols' case are more comparable to "the duty of a county sheriff in enforcing a state law" than to any county administrative decision or policy implementation. As county attorney Saucier stated during depositions:

> As county attorney, look, I don't have any type of guidelines on me by the County. I don't have any type of little book of ordinances that I follow or anything like that. I follow the Mississippi Code, State Code. I follow what I think is good law and what I thought was good law.
>
> \* \* \* \* \* \*
>
> [Y]ou can't expect a county attorney, looking at a statute that obviously fits a situation, to ignore it. I can't do that. I've got an oath I've got to follow. If I look at a statute and it says, In cases of this, do that, if I ignore that, then I really am going against my duty as a state—you know, following the state law.

The State argues that under *Crane v. State of Texas*, 759 F.2d 412 (5th Cir.1985), *modified on rehearing*, 766 F.2d 193 (1985), the district attorney here must be treated as a county official. We disagree. In *Crane*, we emphasized that the district attorney involved had been sued for enforcing an unconstitutional *county* policy of issuing misdemeanor arrest warrants without probable cause. We stated: "The system they [the county] created and controlled violated Texas law; thus, it can scarcely be said to represent the official policy of the State of Texas." 759 F.2d at 432. In today's case, as in *Familias Unidas*, the action of Sunflower County officials was directed by State statute. In *Crane*, we distinguished *Familias Unidas* with this explanation:

In *Familias Unidas* we stated that the statute in question, to which defendants had conformed their conduct, "obviously represents the official policy of the State." 619 F.2d at 404. The same may be said of the statutes involved in this case. The conduct at issue here, however, violated rather than conformed to those statutes; it would be anomalous indeed to regard as official State policy actions taken by County officials in violation of State law.

759 F.2d at 432 n. 21. Thus, the State cannot dissociate itself from actions taken under its laws by labeling those it commands to act as local officials. A county official pursues his duties as a state agent when he is enforcing state law or policy. He acts as a county agent when he is enforcing county law or policy. It may be possible for the officer to wear both state and county hats at the same time, *see id.* at 431, but when a state statute directs the actions of an official, as here, the officer, be he state or local, is acting as a state official. Thus, the district court correctly ordered the State of Mississippi to pay Echols' § 1988 attorney's fees.

### III. The State's Second Appeal

The State's second appeal (No. 89–4633) is from the supplemental award of attorney's fees granted Echols on August 1, 1989. The district court raised the amount of the attorney's fees award for work done from February 1, 1989 to April 14, 1989 from $450 to $1,950. The court awarded an additional $1,787.05 as fees for obtaining the supplemental award. The State contends on appeal that the district court was without jurisdiction to decide Echols' Rule 59(e) motion for supplemental fees because the 59(e) motion was not served on the State within ten days of the district court's previous judgment and because district court jurisdiction had been divested by the first notice of appeal filed by the State.

We have determined that Echols' motion for supplemental § 1988 attorney's fees was not a Rule 59(e) motion, but was governed by Rules 54(d) and 58. As such, the motion was not subject to the ten-day time limitation of Rule 59(e).

The contention that the district court was divested of jurisdiction by the State's notice of appeal is more troublesome. The notice of appeal was filed on May 2, 1989. The district court did not enter the supplemental fee award until August 1, 1989. We have stated:

"that a valid and timely notice of appeal transfers jurisdiction to the appellate court, and that although the trial court may thereafter act in aid of the appellate court's jurisdiction, as by *denying* a Rule 60(b) motion, or may grant relief under Rule 60(a), it may not *grant* Rule 60(b) relief without remand for such purpose or possibly other permission from the appellate court."

*Brown v. United Ins. Co. of America,* 807 F.2d 1239, 1241–42 n. 1 (5th Cir.1987) (citations omitted) (emphasis in original); *see United States v. Hitchmon,* 602 F.2d 689, 692 (5th Cir.1979) (en banc). Echols' motion was similar to a Rule 60(b)(1) motion in that it sought to correct an alleged error in the court's final judgment [here, the fee award judgment] caused by mistake or inadvertence, *see* Fed.R.Civ.P. 60(b), and because it was not served on each opposing party within the ten-day deadline set by Rule 59(e). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); *Willie v. Continental Oil Co.,* 784 F.2d 706 (5th Cir.1986) (en banc).

Other circuits have cited *Knighton v. Watkins,* 616 F.2d 795 (5th Cir.1980), and/or *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), as dispositive on this issue. *See Hicks v. Southern Maryland Health Sys. Agency,* 805 F.2d 1165, 1167 (4th Cir.1986); *Masalosalo v. Stonewall Ins. Co.,* 718 F.2d 955, 956–57 (9th Cir.1983); *Obin v. District No. 9 of the Int'l Assn. of Machinists and Aerospace Workers,* 651 F.2d 574, 583–84 (8th Cir.1981) (decided after *Knighton* but prior to the Supreme Court's reversal of the First Circuit in *White* ). These cases hold that because *Knighton* and *White* decided the district court does have jurisdiction to

consider a motion for attorney's fees after the court of appeals has entered its final judgment on the merits, district courts necessarily have jurisdiction to hear attorney's fees motions after a notice of appeal on the merits has been filed. Neither *Knighton* nor *White*, however, dealt with a situation where the motion for attorney's fees was filed after a notice of appeal. Rather, in both cases the attorney's fee motion had been filed after the ten-day limit for a Rule 59(e) motion had passed but before a notice of appeal was filed. Thus, neither *Knighton* nor *White* decided that a district court retained jurisdiction to consider or decide a motion for § 1988 attorney's fees filed after a valid notice of appeal on the merits had been filed.

Indeed, the Fifth Circuit rule on the shift in jurisdiction effected by the filing of a notice of appeal has been rigidly applied in favor of requiring a remand or permission from the appellate court before the district court can amend an earlier order. *See Willie v. Continental Oil Co.*, 746 F.2d 1041, 1046 (5th Cir.1984), *vacated on different grounds*, 784 F.2d 706 (5th Cir.1986) (en banc). This is true whether the motion to amend or alter the judgment is presented under Rule 59(e), 60(a), or 60(b). *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1326 (5th Cir.1985). In *Willie* we remanded for proper disposition of the Rule 60(b) motion before the appeal could continue. 746 F.2d at 1046 & n. 1.

We have conceded, however, that within a narrow range of circumstances judicial economy and common sense are best served by proceeding with the appeal on the merits and allowing the movant in the district court to refile his motion on remand after appellate judgment. *Beliz*, 765 F.2d at 1326–27. This is true when the disposition of the motion filed after a notice of appeal does not affect the merits of the judgment being appealed. In *Beliz* we stated:

> Unlike the "motion to amend" filed in *Willie*, which sought to reduce the amount awarded against a particular defendant to comport with a pretrial stipulation between the parties, the "Motion to Supplement Judgment and Pleadings"

filed here did not attack the amount of the judgment or otherwise bear on the liabilities of the parties or the merits of the case.

765 F.2d at 1326.

Although Echols' § 1988 motion did increase the amount of attorney's fees payable by the State, the amount of fees awarded by the district court is not an issue in the current appeal. Whether the district court awarded $1 or $1000 in its August 1, 1989 order has no effect on the merits of this appeal. Rather, liability for the § 1988 fees and jurisdiction over the motion for fees are at issue here.

In accord with *Beliz*, we hold that the district court did not have jurisdiction to consider Echols' motion for supplemental attorney's fees. In the interest of justice, we dispose of the merits of the current consolidated appeals and remand to the district court for its consideration of the supplemental attorney's fees motion. 28 U.S.C. § 2106. Our affirmance of the State's liability to pay attorneys fees is without prejudice to full consideration of the amount to be awarded. If, after disposition of that motion, the State is aggrieved, it may appeal the district court's decision as to the amount of that award.

## IV. Conclusion

The case is REMANDED to the district court for consideration of Echols' supplemental attorney's fee motion. In all other respects, the judgment of the district court is AFFIRMED.