**Ricky GALLOWAY, Plaintiff,**

v.

**CITY OF NEW ALBANY, MISSISSIPPI, Defendant.**

No. 1:98CV396–S–A.

United States District Court, N.D. Mississippi, Eastern Division.

March 28, 2000.

---

Honorable Jim Waide, West Point, MS, for Plaintiff.

Honorable Matt Pesnell, Honorable Gary Friedman, Jackson, MS, for Defendants.

Honorable T. Hunt Cole, Jr., Honorable David Miller, Jackson, MS, for State (on Certain Issues).

## OPINION

SENTER, Senior District Judge.

In this case, plaintiff seeks to recover damages for the allegedly unconstitutional forfeiture of his truck and to obtain a declaration that the forfeiture statute at issue was unconstitutional. Presently before the court are the motion of the city to dismiss and the motion of the State of Mississippi, as an intervening defendant, see 28 U.S.C. § 2403(b), for summary judgment.

## BACKGROUND

The facts of this case are set forth in *Galloway v. City of New Albany*, 735 So.2d 407 (Miss.1999), and therefore will be repeated here only briefly. On December 6, 1995, the plaintiff, Ricky Galloway, and his wife Tina were arrested for selling prescription drugs to an undercover agent in Pontotoc, Mississippi. At that time, the defendant City of New Albany, Mississippi, seized Galloway's 1993 Chevrolet truck.[1] Exactly three months later, on March 6, 1996, New Albany filed a petition for forfeiture under Miss.Code Ann. § 41–29–177.[2] On May 29, 1996, New Albany moved to stay the forfeiture proceedings pending the outcome of the criminal case. The criminal proceedings, which did not commence until well over a year later, resulted in the court's entry of a judgment of acquittal in favor of Ricky Galloway on August 1, 1997. In granting the judgment of acquittal, the court found there was no credible evidence to connect Galloway to the drug sale.

On August 25, 1997, Galloway moved for summary judgment in the forfeiture case. The motion was denied, and a nonjury trial was commenced on April 6, 1998. Over a month later, the court granted the petition for forfeiture, finding, in pertinent part, (1) that the petition was timely filed, (2) that Galloway's right to a speedy trial had not been violated, and (3) that no due process violation had occurred.

Galloway appealed that decision and while awaiting a decision on the appeal, filed the instant action seeking money damages and a declaration that the forfeiture statute violated the Fifth and Fourteenth Amendments of the United States Constitution. On April 22, 1999, the Mississippi Supreme Court reversed and rendered, finding that the petition was not timely filed under the provisions of the forfeiture statute,[3] that Galloway fell with-

---

1. According to the Mississippi Supreme Court, the only involvement that the City of Pontotoc had in the sting operation and surveillance of the Galloways was peripherally; otherwise, the equipment and personnel utilized were associated with the New Albany Police Department and the Mississippi Bureau of Narcotics.

2. At the time the city instituted the forfeiture of Galloway's truck, section 41–29–177 stated: "[W]hen any property, other than a controlled substance, raw material, or paraphernalia, is seized under the Uniform Controlled Substances Law, proceedings under this section shall be instituted promptly." Shortly afterward, the statute was amended to provide for institution of proceedings within thirty days of

the seizure "or the subject property shall be immediately returned to the party from whom seized."

3. Although the court indicated that it was addressing the issue of whether the untimely filing of the forfeiture petition violated the Due Process Clause of the United States Constitution, it is clear from the opinion that the court decided the timeliness issue only as it related to the provisions of the forfeiture statute. *See Galloway*, 735 So.2d at 408–410. Likewise, the court denied as without merit but did not address the issues of whether the delay between the seizure and the trial was so lengthy as to be violative of due process and whether the trial court erred in applying a

in the innocent owner exception of the statute, and that the forfeiture violated the Excessive Fines Clause of the Mississippi Constitution. With regard to the timeliness issue, the court held that the three-month delay between the seizure of the truck and the filing of the forfeiture proceeding was not "instituted promptly" as required by the statute, as there was nothing in the record justifying the delay. *Galloway,* 735 So.2d at 410. Galloway's vehicle was returned to him on May 4, 1999.

## DISCUSSION

### I.

■ The court begins with the motion of the City of New Albany to dismiss. In short, the city argues that it cannot be held liable as a matter of law for enforcing the forfeiture statute at issue, citing *Echols v. Parker,* 909 F.2d 795 (5th Cir. 1990), and *Familias Unidas v. Briscoe,* 619 F.2d 391 (5th Cir.1980), cases which hold that local officials act as state agents when enforcing state statutes. This, of course, would absolve the city of any liability. Indeed, as far as they go, *Echols* and *Familias Unidas* represent the law on this issue in the Fifth Circuit. However, the city overlooks the fact that it was not, as the Mississippi Supreme Court found, properly enforcing the forfeiture statute: at least in Galloway's case, it did not timely file the forfeiture petition. In this court's view, that brings this case plainly within an exception to *Echols* and *Familias Unidas,* as articulated in *Crane v. State of Texas,* 759 F.2d 412 (5th Cir.1985), *modified on rehearing,* 766 F.2d 193 (5th Cir. 1985). In *Crane,* the court found that because the system which the county created and controlled violated state law, "it [could] scarcely be said to represent the official policy of the State of Texas." *Crane,* 759 F.2d at 432. *Crane* distinguished the court's prior holding in *Familias Unidas:*

> In *Familias Unidas,* we stated that the statute in question, to which defendants

preponderance of the evidence standard. *See*

had conformed their conduct, "obviously represents the official policy of the State." The same may be said of the statutes involved in this case. The conduct at issue here, however, violated rather than conformed to those statutes; it would be anomalous indeed to regard as official State policy actions taken by County officials in violation of State law. *Id.* at 432 n. 21. This court believes the same is true here. If the city had enforced the statute as written and filed the petition for forfeiture "promptly," then it would have been acting as the agent of the state. However, as in *Crane,* the conduct of the city "violated rather than conformed to [the] statute," and therefore, its conduct "can scarcely be said to represent the official policy of the State of [Mississippi]." The motion of the City of New Albany is denied.

### II.

■ The court now turns its attention to the motion of the State for summary judgment. Initially, the State advances a number of reasons why the court should not reach the merits of Galloway's challenge to the constitutionality of the subject forfeiture statute. Each will be considered in turn, beginning with the question of whether a case or controversy exists in this case. In that regard, the State argues that there is no case or controversy here because "there is no showing that Plaintiff will ever be subjected to the forfeiture statutes in the future." Indeed, that may be true, and if Galloway were not seeking money damages for the forfeiture of his vehicle, then there would be no case or controversy, and this court would have no authority to proceed with the declaratory judgment portion of this action. However, to find no case or controversy under circumstances where, for now, the claim for damages remains viable would eviscerate plaintiff's section 1983 claim since the court cannot reach the heart of that claim without reference to the constitutionality

*id.* at 408.

of the statute. This reasoning accords with that employed by other courts. *See Ashcroft v. Mattis,* 431 U.S. 171, 172, 97 S.Ct. 1739, 52 L.Ed.2d 219 (1977) (court found no case or controversy to determine constitutionality of statute where claim for damages had been dismissed); *Sheppard v. Beerman,* 94 F.3d 823, 829 (2d Cir.1996) (where court reinstated claim for damages, "the foundation for dismissing the declaratory relief claim erodes"); *Blackshear Residents Organization v. City of Austin,* 659 F.2d 36, 38 (5th Cir.1981) (though declaratory judgment "would be of doubtful validity and of little efficacy" where funds had been spent and projects completed, court found case or controversy in part because of "oblique reference to a suit for damages"); *Hansen v. Ahlgrimm,* 520 F.2d 768, 770 (7th Cir.1975) (because judge was immune from damage claim, there was no case or controversy to be resolved by declaratory judgment since plaintiff was not seeking "a declaration of the unconstitutionality of certain specifically enumerated statutes authorizing the complained of action"); *Collins v. Viceroy Hotel Corp.,* 338 F.Supp. 390, 393 (N.D.Ill.1972) (where damage claim for deprivation of personal property was dependent on resolution of challenge to constitutionality of lien laws, constitutional issue was live issue, satisfying case or controversy requirement and was not rendered moot by return of property).

The State next argues that this court should abstain from deciding the constitutional issue based on the *Younger* and *Rooker–Feldman* doctrines. Clearly, neither doctrine is applicable in this case. Indeed, the State admits that Galloway's "action technically falls outside of *Younger*'s parameters because there is no longer any current or pending state proceeding involved." It argues nevertheless that the "action clearly violates [*Younger*'s] spirit" seemingly under considerations of comity. The State also maintains that Galloway, being dissatisfied with the disposition of his constitutional claims in state court, has simply "recast[ ] his claim[s] as a civil rights action for declaratory relief in federal District Court," thereby putting this court in the position of reviewing decisions made by the highest court of the State of Mississippi in violation of *Rooker–Feldman.*

■ As to the State's *Younger* argument, the court finds it to be vague and patently unpersuasive. As to the *Rooker–Feldman* argument, the court disagrees with the State's analysis of Galloway's claims. Galloway cannot be displeased with the decision of the Mississippi Supreme Court—he was successful in gaining the relief he sought, namely the reversal of the forfeiture and the return of his property which the city had held for almost four years. He had no way in that proceeding to request damages for the deprivation of his property. Furthermore, as indicated *infra,* the supreme court did not decide the due process issues before it—the issues of delay between the seizure and the trial and the evidentiary standards used, while referenced as being denied without merit, were not addressed. Therefore, this court is hardly being called upon to engage in forbidden review of issues which the state court has ever meaningfully considered.

■ This leads to the next argument advanced by the State, i.e., that the constitutional questions posed by Galloway in this action are foreclosed by collateral estoppel and res judicata. Under Mississippi law,[4] four factors must be shown for a prior judgment to have a collateral estoppel effect: (1) the party must be seeking to relitigate a certain issue, (2) that issue must already have been litigated in a prior action, (3) the issue must have been determined in the prior suit, and (4) the determination of the issue must have been essential to the prior action. *Stafford v. True Temper Sports,* 123 F.3d 291, 295 (5th Cir.1997). Without doubt, plaintiff did not raise the Fifth Amendment issue in state court, and thus, collateral estoppel does not apply to that issue. Of more concern are the Fourteenth Amendment

---

4. The parties agree that Mississippi law governs both issues.

issues which were undoubtedly raised before the state tribunals. Where the State's argument fails, in this court's opinion, is on the third and fourth factors. As previously noted, though the due process issues were raised, it is clear from the opinion of the supreme court that those issues were not determined in the prior suit and that they most certainly were not essential to that court's judgment. Perfunctorily stating the issues before the court and then not addressing those issues or only paying lip service to them hardly satisfies the requirements of collateral estoppel. This analysis applies equally to the applicability of res judicata to the due process issues. This leaves only the question of whether the Fifth Amendment claim should have been brought to the attention of the state court, since res judicata precludes subsequent litigation of any claim which could have been brought in the prior proceeding. After mature consideration, the court finds that the issue of just compensation could not have been brought in the forfeiture proceeding. As the court understands Mississippi forfeiture proceedings, the only issue is whether property should be forfeited to the state based on alleged illegal activity. They do not encompass the questions of damage to the property or loss of its use while in custody of the city; the Fifth Amendment claim is therefore not barred by res judicata.

The court now turns its attention to the merits of the whether the State is entitled to summary judgment on the issue of the constitutionality of the statute; in other words, is the version of Miss.Code Ann. § 41–29–177 which was in effect at the time of the subject forfeiture constitutional? As articulated in the pretrial order, plaintiff attacks the statute on three grounds:

(1) whether the statute violates the just compensation clause of the Fifth

Amendment "since it makes no provision for paying Plaintiff for the loss of use he has suffered when the truck was taken from him even though it ultimately determined that the truck should not have been seized";

(2) whether the statute violates the due process clause of the Fourteenth Amendment "since there is no provision for a prompt post-forfeiture hearing";

(3) whether the statute violates the Constitution[5] by allowing a vehicle to be forfeited upon proof by a preponderance of the evidence.

██ The court begins its constitutional analysis with the question of whether the statute is facially invalid for any of the above reasons. In that regard, to prevail, Galloway "must establish that there is no set of circumstances in which the [statute] could be applied constitutionally." *United States v. Robinson,* 119 F.3d 1205, 1213 (5th Cir.1997). In this case, the statute at issue made absolutely no provision for a post-forfeiture hearing, prompt or otherwise. Although it required institution of forfeiture proceedings "promptly," it set forth no guidelines for when a hearing on the forfeiture must be held. In the State's view, it is entirely permissible for a local or state authority to hold a person's property until the conclusion of the underlying criminal proceedings. Though that reasoning might pass constitutional muster in the federal realm where the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.,* operates on a seventy-day clock which begins at the initial appearance, and the statute is strictly enforced permitting trial delays only under particularized circumstances, it leaves much to be desired in the context of the Mississippi Speedy Trial Act, Miss. Code Ann. § 99–17–1, which requires only a showing of "good cause" to toll the 270-day time limit for the commencement of a criminal trial after arraignment.[6] There-

**5.** There is no indication in the pretrial order which constitutional amendment is implicated in this ground for relief; however, in plaintiff's memorandum, he argues the appli-

cability of the Due Process of the Fourteenth Amendment.

**6.** Indeed, a review of Mississippi case law reveals that it is not unusual for criminal

fore, in this court's view, this kind of delay in providing a post-deprivation hearing made the statute facially unconstitutional because it allowed the government to deprive a presumably innocent person of his property indefinitely without due process of law. As the statute stood at the time of the subject forfeiture, there was more than a "mere possibility that the [statute] 'might operate unconstitutionally under some conceivable set of circumstances.'" *Robinson*, 119 F.3d at 1213 (citation omitted). If applied as written, the statute could never operate constitutionally without stretching the bounds of reason. The State is therefore not entitled to summary judgment in this case.

## CONCLUSION

Having carefully considered the matter, the court finds that the motion of the City of New Albany to dismiss is not well taken and is denied and that the motion of the State of Mississippi for summary judgment is also not well taken and is denied.

prosecutions to linger in the state system for

almost a year or more before trial is begun.