Altonette **JACKSON, Plaintiff–Appellee,**

v.

**Raoul GALAN, in his official capacity as Clerk, 24th Judicial District Court for the Parish of Jefferson, et al., Defendants–Appellants.**

Nos. 87–3270, 88–3051.

United States Court of Appeals, Fifth Circuit.

March 22, 1989.

Rehearing Granted April 14, 1989.

---

166

Richard D. Faulkner, Kenneth C. Fonte, Edmund W. Golden, Metairie, La., for Harry Lee, Clerk of Court.

Peter D. Derbes, Frank A. Silvestri, Silvestri & Massicot, New Orleans, La., for Jackson.

Before CLARK, Chief Judge, REAVLEY, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM,
Circuit Judge:

Appellee Altonette Jackson brought suit under 42 U.S.C. § 1983 against Charles E. Spahr, a local merchant, Harry Lee, in his official capacity as Sheriff of Jefferson Parish, Louisiana, and Raoul Galan, in his official capacity as Clerk of the 24th Judicial District Court, also in Jefferson Parish. Jackson complained that the defendants deprived her of constitutionally assured due process by causing her wages to be garnished without notice. The district court agreed, and held the defendants jointly and severally liable for Jackson's attorney's fees under 42 U.S.C. § 1988. Lee and Galan appeal. We affirm the award of fees against Sheriff Lee and reverse the award against Clerk of Court Galan.

## I

Under Louisiana law, when a creditor sues one spouse to "enforce an obligation against community property, the other spouse is a necessary party."[1] However, the defense of failure to join a necessary party must be pleaded prior to answer or default judgment.[2] Spahr filed suit on a $5,000 promissory note against Jackson Truck Service, Bernice Jackson and Charles Jackson. Altonette Jackson, wife of Charles, had not signed the promissory note, was not named as a defendant, and received no official notice of the suit. The defendants all defaulted and, hence, failed to raise the defense that Altonette was a necessary party.

At Spahr's request, appellant Galan's office issued a writ of fieri facias on May 11, 1982. The writ instructed Sheriff Lee's office to seize property of Charles and Bernice Jackson in satisfaction of the judgment. It nowhere mentioned Altonette Jackson. The face of the writ instructed the sheriff to "make return to our said Court (within one year), according to law," giving notice of the rule of Louisiana law

that a "seizure may be made under a writ of fieri facias only within one year from the date of its issuance."[3]

Around the time the clerk issued the writ of fieri facias, Spahr filed a supplemental petition seeking garnishment of Altonette Jackson's wages. However, it was not until July 7, 1983, after expiration of the writ of fieri facias, that a garnishment judgment was entered against Altonette's employer, Sears, Roebuck & Co. Altonette was served with neither a copy of the garnishment petition nor of the garnishment judgment.

Though it had no valid writ of fieri facias, Sheriff Lee's office began garnishing Altonette's wages on September 27, 1983, acting pursuant to the garnishment judgment. The garnishments caught $5,737.90. Altonette filed this action in November of 1984, and on December 6 the court granted a preliminary injunction against further garnishments. Nevertheless, Sheriff Lee's office continued the garnishments until July 25, 1985.

The district court entered a partial summary judgment on the issue of liability, declaring that all of the defendants had engaged in state action and that the garnishment of Altonette's wages had deprived her of property without due process of law in violation of the Fourteenth Amendment. The court refused permanent injunctive relief on the ground that plaintiff had an adequate remedy at law. Altonette thereafter settled with Spahr on her claim for actual damages. After receiving a magistrate's recommendation, the district court held all the defendants liable jointly and severally under § 1988 for Altonette's attorney's fees.

## II

■ Sheriff Lee raises several objections to the award of attorney's fees against his office. Initially, he argues that garnishment of appellee's wages was a ministerial

1. La.Code Civ.Proc.Ann. art. 735 (West Supp. 1988).

2. La.Code Civ.Proc.Ann. arts. 926(8), 928 (West 1984).

3. La.Code Civ.Proc.Ann. art. 2294 (West 1961).

duty which he was required to perform under state law; that this somehow means he was not a state actor. We reject this argument. State officials acting pursuant to a state statute are acting under color of state law for purposes of § 1983, regardless of whether state law gave them any discretion in carrying out their duties.

Lee also argues that because his duties were ministerial, he is entitled to qualified immunity from liability for attorney's fees under § 1988. Whatever its merit may otherwise be, this argument misses the point. Qualified immunity protects an official from personal liability. Jackson sued Lee only in his official capacity.[4] In any event, attorney's fees under § 1988 may be awarded against a public official even when the official is immune from money damages.[5] This court has affirmed attorney's fees awarded under § 1988 against officials enforcing an unconstitutional statute, even though the officials claimed to have no discretion to act otherwise.[6]

Next, appellant Lee argues that at the time Jackson filed suit, "at least portions of [her] cause of action" had prescribed under the applicable one year prescription period.[7] We agree with the district court that the sheriff's repeated garnishment of Jackson's wages created a continuing violation of Jackson's due process rights under § 1983. As we said in *Perez v. Laredo Junior College:*

> If ... the statutory violation does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full limitations period are foreclosed.[8]

While Jackson might be unable to recover damages for garnishments occurring more than a year before she filed suit, she does not seek damages against Sheriff Lee. Her suit was timely as to most of the garnishments, and hence was not barred for purposes of injunctive and declaratory relief.

Finally, Sheriff Lee argues that appellee was not a prevailing party for purposes of § 1988. Again, we disagree. Sheriff Lee contends that the district court's preliminary injunction failed to meet the specificity requirements of F.R. Civ.P. 65(d). Nevertheless, it is undisputed that Sheriff Lee's office ceased garnishing appellee's wages. It matters little whether the garnishments ceased specifically because of the preliminary injunction or more generally because of the underlying lawsuit. As the Supreme Court has stated:

> [R]elief need not be judicially decreed in order to justify a fee award under § 1988. A lawsuit sometimes produces voluntary action by the defendant that affords the plaintiff all or some of the relief [s]he sought through a judgment— *e.g.*, a monetary settlement or a change in conduct that redresses the plaintiff's grievances. When that occurs, the plaintiff is deemed to have prevailed despite the absence of a formal judgment in [her] favor.[9]

---

4. *See Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985).

5. *Pulliam v. Allen,* 466 U.S. 522, 104 S.Ct. 1970, 1981–82, 80 L.Ed.2d 565 (1984); *see also Fernandes v. Limmer,* 663 F.2d 619, 637 (5th Cir. Unit A 1981), *cert. denied,* 458 U.S. 1124, 103 S.Ct. 5, 73 L.Ed.2d 1395 (1982) (section 1988 fees are an element of costs rather than damages, and may be awarded in spite of officials' immunity).

6. *Johnson v. Mississippi,* 606 F.2d 635, 637 (5th Cir.1979) (fact that officials merely performed their duty by enforcing statute did not make award under § 1988 unjust).

7. La.Civ.Code Ann. art. 3492 (West Supp.1988). We recently held that art. 3492 is the applicable statute for suits against state officials under § 1983. *See Owens v. Okure,* — U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Elzy v. Roberson,* 868 F.2d 793 (5th Cir.1989).

8. 706 F.2d 731, 733–34 (5th Cir.1983), *cert. denied,* 464 U.S. 1042, 104 S.Ct. 708, 79 L.Ed.2d 172 (1984).

9. *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987).

If not in response to the injunction, Sheriff Lee's office stopped garnishing appellee's wages in response to the suit. Jackson thus prevailed against Sheriff Lee regardless of whether the district court's preliminary injunction was in proper form.

### III

We reach a different conclusion with respect to the § 1988 liability of Clerk of Court Galan. We find two conclusive barriers to an award of fees against Galan's office. First, there is an insufficient causal nexus between the actions of Galan's employees and the challenged garnishment of appellee's wages to support liability under § 1983. The writ of fieri facias issued by Galan's office expired pursuant to Louisiana law before the garnishments ever commenced. Further, even if the writ of fieri facias had been in effect, it did not direct the sheriff to seize appellee's property. Indeed, all the writ authorized the sheriff to do was to seize property of the judgment debtors, Charles and Bernice Jackson. Thus, issuance of the writ of fieri facias cannot be considered a proximate cause of the unconstitutional garnishments of appellee's wages.

Second, appellee did not prevail against Galan. Galan only issued the writ of fieri facias. The district court's preliminary injunction did not enjoin any action by Galan's office, and Galan's office did nothing as a result of the suit. Even the declaratory judgment did not compel Galan to change his procedures. The Supreme Court has recently clarified that relief on the merits justifying a § 1988 award requires some impact on the defendant's behavior:

> "In all civil litigation, the judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces—the payment of damages, or some specific performance, or

the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. This is no less true of a declaratory judgment suit than of any other action. The real value of the judicial pronouncement— what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*"

A declaratory judgment, in this respect, is no different from any other judgment. It will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant towards the plaintiff.[10]

In this case, appellee obtained no alteration in the clerk of court's conduct, by judicial decree or otherwise, which would justify the conclusion that Jackson prevailed against Galan for purposes of § 1988. The moral satisfaction of knowing that a federal court believes one's rights have been violated does not alone constitute the sort of relief which suffices to invoke § 1988 for an award of attorney's fees.[11]

### IV

We conclude that Clerk of Court Galan is not liable for attorney's fees under § 1988. However, the district court correctly imposed such liability on Sheriff Lee, in his official capacity.

AFFIRMED IN PART, REVERSED IN PART.

---

**10.** *Rhodes v. Stewart,* —— U.S. ——, 109 S.Ct. 202, 203, 102 L.Ed.2d 1 (1988) (citation omitted; quoting *Hewitt v. Helms,* 482 U.S. 755, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987)).

**11.** *See Hewitt v. Helms,* 107 S.Ct. at 2676.