IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30583
Summary Calendar
_____


BRENDA MEEKINS,

                                                    Plaintiff-Appellee,

versus

M. J. FOSTER, a.k.a. Mike, Governor of the State of
Louisiana; MADLYN B. BAGNERIS, Secretary,
Department of Social Services; VERA W.
BLAKES, Assistant Secretary, Department
of Social Services; ROBERT P. THOMPSON,
Director, Family Independence Work Program;
LAURA PEASE, Assistant Director, Family
Independence Work Program; and LAURA BECK,
Assistant Director, Family Independence
Work Program,

                                                    Defendants-Appellants.
_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(98-CV-2047)
_____
April 3, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     The defendants in this case have filed an interlocutory appeal

in response to the district court's denial of their 12(b)(1) motion

to dismiss for lack of subject matter jurisdiction and their 12(c)

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to dismiss for failure to state a claim.  For the reasons stated herein, we affirm in part, reverse in part, and remand.

I

Brenda Meekins had been a Program Specialist for the State of Louisiana's Department of Social Services since 1993.  She was part of the Department's Family Independence Work Program ("FIND").  In administering this program, the Department of Social Services contracts with private entities to provide training and job placement to those on welfare.  Ms. Meekins's job was to monitor the program to ensure compliance with federal and state laws and regulations.

Soon after starting her job, Ms. Meekins discovered widespread irregularities within the Department in its attempts to comply with federal and state regulations.  For example, case records were not documented to show that case managers were monitoring client participation and attendance, and false participation data was being reported to the federal government.  Ms. Meekins repeatedly reported these problems.  Her charges led to an official review of the program, but the erroneous reporting continued.

During this period, Ms. Meekins maintained her contacts with the Southern University of New Orleans, where she had obtained her Bachelor of Social Work and Master of Social Work degrees.  She periodically spoke publicly on welfare reform issues with faculty and students.  She also worked to train faculty and students in connection with welfare issues.  But she did not discuss the terms,

policies, or procedures employed by the Department in connection with the FIND.

On June 23, 1998, Robert Thompson informed Ms. Meekins that she had been suspended for thirty days, retroactive to June 1, and recommended for dismissal. Meekins was later dismissed on July 14, 1998. The basis for the dismissal was insubordination arising from three sets of incidents:

(1) Continuing contact, despite instructions to the contrary, with Viola Washington, Executive Director of the Welfare Rights Organization ("WRO"). The WRO is one of the organizations that contracted with the FIND. The contact included continued monitoring of the contract with WRO and receiving checks written on a WRO account.

(2) Continuing contact with potential contractors.

(3) Continuing public speech on welfare-related matters at the Southern University of New Orleans.

Ms. Meekins filed suit in federal district court, alleging violations of Louisiana's Whistleblowers' Act and 42 U.S.C. §§ 1981, 1983, and 1985. The defendants responded with a 12(b)(1) motion to dismiss the federal claims for lack of subject matter jurisdiction and a 12(c) motion to dismiss the federal claims for failure to state a claim. The district court ordered Ms. Meekins to file a <u>Schultea</u> reply.[1] She did so, and the district court then

---

[1]In <u>Schultea v. Wood</u>, a panel of this court required that the plaintiff's complaint "state factual detail and particularity including why the defendant-official cannot maintain the immunity defense." 27 F.3d 1112, 1115 n.2 (5th Cir. 1994), 47 F.3d 1427 (rehearing en banc)(citation omitted). The court found that Schultea failed to allege a cognizable claim in his complaint, but also that the complaint did not constitute the plaintiff's best case. Thus, the court remanded the case to allow the plaintiff to

denied the defendants' two motions. The defendants then requested an interlocutory appeal on two issues: whether the district court lacked subject matter jurisdiction because of the Eleventh Amendment bar to claims against them in their official capacities, and whether the defendants were entitled to qualified immunity.

When the defendants filed this interlocutory appeal, it forced the district court to postpone the trial. That, in turn, allowed the court to consolidate Ms. Meekins's parallel suit against the defendants in their individual capacities with the one against them in their official capacities. The court had previously refused to do this because of the limited time before the start of trial, but with the postponement, it was now able to do so.

"amend his complaint, if possible, to plead sufficient facts supporting a claim under the Fourteenth Amendment" that the defendants violated a property or liberty interest recognized by the Constitution. Id. at 1118.

4

II

A

As a threshold matter, we have jurisdiction to hear this interlocutory appeal on the two issues the defendants raise. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993)(allowing interlocutory appeals of determinations concerning Eleventh Amendment immunity); Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)(allowing interlocutory appeals of determinations that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent . . . to require that appellate consideration be deferred").

B

We next review the district court's denial of the defendants' 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Ms. Meekins contends, and the defendants concede, that the Eleventh Amendment does not bar Ms. Meekins's claims for injunctive relief against them in their official capacities. They are correct. See Ex Parte Young, 209 U.S. 123, 155-60, 28 S.Ct. 441, 52 L.Ed. 714 (1908)(Eleventh Amendment not a bar to suits against government officials in their official capacities when those suits seek injunctive relief). Reinstatement, which Ms. Meekins seeks, would

5

qualify as acceptable injunctive relief. <u>Hander v. San Jacinto Junior College</u>, 519 F.2d 273, 277 (5th Cir. 1975). Thus, Ms. Meekins may seek injunctive relief against the defendants in their official capacities as part of her federal law claim.

Both sides also concede that damages are a different matter. Damages are not available in suits against such individuals in their official capacity. <u>Chrissy v. Mississippi Dep't of Public Welfare</u>, 925 F.2d 844, 849 (5th Cir. 1991). Thus, we overturn the district court on this issue and dismiss Ms. Meekins's federal law claims for damages against the defendants in their official capacities.

We do not address the availability of damages against the defendants in their individual capacities. Though the trial judge consolidated the original suit and Ms. Meekins's more recent suit against the defendants in their individual capacities, the judge did so after denying the defendants' two motions to dismiss. Indeed, the consolidation order was entered after the defendants filed their notice of appeal. For that reason, we have no jurisdiction over issues related to the new suit because the district court has not made an appealable ruling with respect to them.

C

The defendants have also raised the defense of qualified immunity. Because we have dismissed the damages claims against the defendants in their official capacities and have not addressed the

6

availability of damages against the defendants in their individual capacities, the only remaining question is whether qualified immunity is available as a defense in suits for injunctive relief against defendants in their official capacities. It is not. See Kentucky v. Graham, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)(qualified immunity not available as a defense in official capacity actions); Wyatt v. Cole, 928 F.2d 718, 722 (5th Cir.)(same), rev'd on other grounds, 504 U.S. 158, 112 S.Ct. 1827, 118 L.Ed.2d 504 (1992); Mangaroo v. Nelson, 864 F.2d 1202, 1208 (5th Cir. 1989)(qualified immunity has no relevance when injunctive relief is sought).

III

For these reasons, the district court decision is

AFFIRMED in part, REVERSED in part, and REMANDED.